

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

         - v. -

ALEXANDER IZQUIERDO,

           Defendant.

- - - - - - - - - - - - - - - - - - - x

**INFORMATION**

04 CRIM 341

## COUNT ONE

The United States Attorney charges:

1.    From in or about 1998 through in or about August 2000, in the Southern District of New York and elsewhere, ALEXANDER IZQUIERDO, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did conspire to commit robberies, as defined in Title 18, United States Code, Section 1951(b)(1), to wit, robberies of various businesses and drug dealers in Manhattan, the Bronx, and Queens, New York, and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as defined in Title 18, United States Code, Section 1951(b)(3).

(Title 18, United States Code, Section 1951.)

## COUNT TWO

The United States Attorney further charges:

2.    From in or about 1998 through in or about August 2000, in the Southern District of New York and elsewhere, ALEXANDER IZQUIERDO, the defendant, unlawfully, willfully, and

knowingly, did use and carry, and aid and abet the use and carrying of, a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit, the conspiracy to rob businesses and drug traffickers charged in Count One of this Information, and did possess, and aid and abet the possession of, a firearm in furtherance of said crime, during which a firearm was brandished. (Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2).

## COUNT THREE

The United States Attorney further charges:

3.    On or about August 11, 2000, in the Southern District of New York, ALEXANDER IZQUIERDO, the defendant, unlawfully, willfully, and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), to wit, the robbery of a drug trafficker in the vicinity of Pitman Avenue, Bronx, New York, and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as defined in Title 18, United States Code, Section 1951(b)(3).

(Title 18, United States Code, Sections 1951(a) and 2.)

## COUNT FOUR

The United States Attorney further charges:

4.    From in or about 1998 through in or about 1999, in

2

the Southern District of New York and elsewhere, ALEXANDER
IZQUIERDO, the defendant, and others known and unknown,
unlawfully, intentionally, and knowingly did combine, conspire,
confederate, and agree together and with each other to violate
the narcotics laws of the United States.

      5.   It was a part and an object of the conspiracy that
ALEXANDER IZQUIERDO, the defendant, and others known and unknown,
would and did distribute a controlled substance, to wit, 5
kilograms and more of mixtures and substances containing a
detectable amount of cocaine, in violation of Sections 812,
841(a)(1) and 841(b)(1)(A) of Title 21, United States Code.

      6.   It was further a part and an object of the
conspiracy that ALEXANDER IZQUIERDO, the defendant, and others
known and unknown, would and did distribute a controlled
substance, to wit, mixtures and substances containing a
detectable amount of marijuana, in violation of Sections 812,
841(a)(1) and 841(b)(1)(D) of Title 21, United States Code.

<u>Overt Acts</u>

      7.   In furtherance of the conspiracy and to effect the
illegal objects thereof, ALEXANDER IZQUIERDO, the defendant, and
others known and unknown, committed the following overt acts,
among others, in the Southern District of New York and elsewhere:

      a.   In or about 1998, IZQUIERDO began selling
cocaine in the vicinity of 1806 Vyse Avenue, Bronx, New York.

3

       b.   In or about 1998, IZQUIERDO began selling marijuana in the vicinity of 1806 Vyse Avenue, Bronx, New York.

(Title 21, United States Code, Section 846.)


DAVID N. KELLEY
United States Attorney

## CRIMINAL MEMORANDUM TO DOCKET CLERK

In the event that during an ongoing trial it becomes impossible to submit the original indictment to the docket clerk, for the updating of docket entries, this form should be submitted in lieu of the indictment.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—————————————————————X

**UNITED STATES OF AMERICA**          Docket No. **04 Cr.        (WHP)**
    -against-

**ALEXANDER IZQUIERDO,**               **BEFORE: William H. Pauley III**
                                                     **USDJ**
       Defendant.

—————————————————————X

THIS ENTRY IS EXACTLY AS IT APPEARS ON THE INDICTMENT:

04/13/04        Information filed/Arraignment/Change of plea held, defendant present w/ attorney
        Jorge Guttlein, AUSA present Marcus A. Asner, Court Reporter present Jennifer,
        Thun, defendant arraigned, defendant waived reading of information and plead not
        guilty, change of plea held, defendant waives reading of information, defendant
        withdraws a plea of not guilty and enters a plea of guilty to counts one through
        four, PSI not ordered, control date sentencing set for October 15, 2004 at 2:30
        P.M., detention continued.

                                        Pauley, J